## ROGERS *v.* FARNHAM.

If a summons, when goods are attached, is served on the second day of August, and requires the defendant to appear at a court to be holden on the third Tuesday of August instant, the writ will not be abated, because the summons has no date.

The defendant craved oyer of the writ and declaration, and the officer's return, by which it appeared that the writ was dated on the second day of August, 1852, was returnable " on the third Tuesday of August, instant," and was served on the second of August by an attachment of the defendant's goods, and by leaving at the defendant's usual place of abode a summons, &c. The defendant then produced in court the summons served upon him, and prayed that it might be enrolled, and it was enrolled. By the enrollment, it appeared that the summons had no date, and the defendant demurs specially for that cause, " that said summons has no date."

*B. F. Guppy*, for the plaintiff.

*J. H. Wiggins*, for the defendant.

BELL, J. It appears on oyer of the plaintiff's writ and the officer's return, that the writ of attachment was dated on the 2d of August, 1852, and was served upon the same day. The summons being enrolled, appears to have no date, and this defect is pleaded in abatement. The form of the writ of summons to be left with the defendant, when his estate is attached, as prescribed by the Revised Statutes, contains suitable blank spaces for the insertion of the date. The provisions of the Revised Statutes relative to the service of such summons, (chap. 183 §§ 3, 4) are as follows: " When the goods or estate of any person shall be attached, a summons, in the form prescribed by law, shall be delivered to the defendant, or left at his usual place of abode, with the name and office of the officer serving the same indorsed by him thereon. Every such summons shall set forth the sum in the note or obligation declared on, with the indorsements and dates thereof, the amount of the account; in covenant, what sum is demanded in damages, and for what, and in all cases shall briefly give to the defendant the same information, which the declaration gives more at large, and shall contain the substance thereof."

The object in requiring such a summons to be left with the defendant, clearly is, to give him notice of the commencement of the action, and of the court and time at which it is to be heard, and, by a brief statement, of the nature and character of the action. So far as the statutes in terms require any particular matter to be inserted in a summons, the court are bound, and the party who fails to comply with the rules prescribed must be subject to have his writ abated at the election of the defendant; and the court has no power to afford relief, however severely penal the consequences may be under our attachment laws. But it cannot escape notice, that there is no just proportion between the carelessness which constitutes the offence, and the penalty which may result from it. Under other systems of practice, the abatement of process may at most be at-

tended with a few weeks delay, and a trivial bill of costs. Here it may cost the party his debt, by the loss of his attachment. The courts, therefore, do not feel either bound or authorized to go further in holding the service of process insufficient from deficiencies in the summons, than they find themselves forced by the explicit language or manifest purpose of the statutes.

In every case, the first question to be considered is, whether the deficiency is in any matter clearly required by the statute. And upon comparing the matter of the plea with the terms of the sections before quoted, it is very evident that the statute does not require that a date should be inserted. But besides the particulars enumerated in the statutes, a summons may be more or less defective in other respects. In considering those defects, the court look to the purpose of this process, with a view to ascertain whether, in consequence of the defect, the process has failed, in some substantial respect, to give the notice to the defendant that a suit has been commenced against him, returnable at a particular court, and at a certain time and place. If the notice is substantially defective in either of these respects, the writ of course must be abated ; there has been a non-compliance with a substantial requirement of the statute. But if the defect is merely " an error or mistake, where the person and case may be rightly understood," or is " a defect or want of form only ;" if it is one not calculated to mislead the party, or by which he would be likely to misunderstand the object of the process, the writ ought not to be abated ; but such relief should be afforded to the defendant, by terms or a continuance, as the case may require, where he might reasonably have hesitated to incur the expense of preparation for trial upon a defective notice.

In the present case, we cannot deem the defect suggested as one throwing any uncertainty upon the fact, when the suit was returnable. In the exercise of ordinary judgment, we think there would be no doubt that a writ served on the

2d of August, returnable on the third Tuesday of August, instant, was returnable at the next court to be held at that time.

If a complaint were filed by a person on whom a summons with such a defect was served, for a neglect to enter the action, it seems to us no doubt could exist in relation to the term at which the process was returnable; and the plaintiff would not be heard to object, that it could not be rightly understood by the court or the party.

The summons, then, wanting nothing specifically and in terms required by the statute, and the defect complained of being in no way calculated to mislead the defendant, we are of opinion that the writ ought not to be abated for this cause.