## KENISTON v. CHESLEY.

Our statute provides, that the summons left with the defendant when his goods are attached shall be (1) "in the form prescribed" by the statute, and (2) that such summons shall "briefly give to the defendant the same information which the declaration gives more at large, and shall contain the substance thereof." And these are the only grounds or causes of abatement which this statute affords.

Hence a plea in abatement in such a case would not be technically correct which should allege that the summons did not contain the substance of the plaintiff's writ, or that there was a variance between the summons and the writ, as no statute requires that the summons shall contain the substance of the writ, or forbids a variance between the two.

To be "in the form prescribed," the summons must not only follow the form laid down in the statute, but all the blanks in that form must be properly filled to correspond with the writ.

A summons would not be in proper form, or in the form prescribed, if the names and residences of the parties were not properly inserted, or if made returnable to the wrong court, or at a wrong time, or if it was not

witnessed by the proper magistrate, or properly dated or signed by the clerk. All these are essential to the form; and for any defects of this kind the allegation in the plea in abatement should be, that the summons is not in the form prescribed by law, and should then specify the particular defect.

Assumpsit, by Asenath Keniston against Freeman Chesley. The defendant pleaded in abatement, praying judgment that the writ be abated because the summons is not in due form of law, in this, that by said writ the defendant is required to answer to the plaintiff in the court to be holden on the third Tuesday of October, A. D. 1872; and in and by said summons the defendant is required to answer to the plaintiff at the court to be holden on the third Tuesday of August next after the fifth day of August, A. D. 1872. The plaintiff demurred. The writ and summons were dated August 5, 1872. The error was in inserting the word " August " in the summons where " October " should have been. Questions reserved.

*Wiggin,* for the defendant, cited *Baker* v. *Brown,* 18 N. H. 551, and *Nelson* v. *Swett,* 4 N. H. 256.

*Small* and *Mellows,* for the plaintiff.

1. The defect alleged in the plea in abatement is, that " the summons is not in due form of law as is prescribed." Upon this allegation the issue arises. If it were of fact, the issue would be raised by traverse, but being of law, the issue is raised by demurrer. Upon this allegation the plea must stand or fall. Upon this issue the court must adjudge.

Now, we submit that the summons is exactly in form prescribed by law in every particular. The specification under the *videlicet* in the plea cannot relieve the allegation. The defendant can be allowed to specify only such defect as is embraced in the allegation. The defect specified is a variance between the writ and summons, and not a defect " in the form prescribed by law." The issue does not arise upon this specification. A specification is not traversable; were it otherwise, this plea would be double. The plea must be so framed as to enable the plaintiff, in a subsequent suit for the same cause of action, to supply the defect and avoid the mistake. But if the defendant is allowed to allege one defect, and specify another and different defect, and the court can give judgment as to either, then he not only obtains the advantage of pleading double without its hazards, but, by his ambiguity, he avoids pointing out to the plaintiff his error. If the specification under the *videlicet* is material and substantial, then we submit there is a variance between the specification and the allegation, and the *videlicet* is useless to avoid the variance.

The case of *Nelson* v. *Swett,* 4 N. H. 256, is no authority for the defendant. The defect there was the same as this; but the defect alleged

was, that the summons did not contain the substance of the writ. The court said such was not the defect, but that the defect was, that the summons did not cite the defendant to appear at the time and place where the writ was returnable; and the court fell into the singular error of giving judgment for the defendant, upon a plea in abatement, for a defect not pointed out by his plea.

But Judge GILCHRIST cites *Nelson* v. *Swett, ante,* as authority for the doctrine of variance between the writ and summons—18 N. H. 554; and this is the true doctrine of the case. In the case of *Baker* v. *Brown,* 18 N. H. 551, cited by the defendant, the present point was not taken. The demurrer was special; and the only points taken under it were, that the writ was not correctly enrolled, and that there was no proper prayer of judgment,—both of which the court found against the plaintiff, and of course, therefore, gave the defendant judgment. But the court did not hold that the summons was not in form prescribed by law, but that there was a variance between the writ and summons. Neither of these cases cited, therefore, is in point here.

2. The defect in the summons is amendable, the whole record being before the court. *Adams* v. *Wiggin,* 42 N. H. 554. The person and the case are readily understood by the court, and the defendant has appeared.

SARGENT, C. J. The variance between the writ and summons in this case is fatal, if the error is properly pleaded. This is settled in *Nelson* v. *Swett,* 4 N. H. 256, and *Baker* v. *Brown,* 18 N. H. 551. It is not a mere matter of form, as in *Adams* v. *Wiggin,* 42 N. H. 553, where the person and the case may be rightly understood by the court, notwithstanding the mistake; for in this case the defect is equivalent to the leaving of no summons at all, and just as fatal. *Nelson* v. *Swett,* 4 N. H. 258.

Our statute prescribes the form of a summons to the defendant, where property is attached. Gen. Stats., ch. 203, secs. 14, 19. It will be observed that a writ, in our practice, embraces two separate and distinct parts: first, the formal part, which is prescribed by statute, and, second, the declaration, which is not and cannot be prescribed by statute. In some jurisdictions the formal part which is thus prescribed is known as the writ, while the declaration is served or filed separately, and is not considered as any part of the writ.

Our statute—see Gen. Stats., ch. 204, secs. 3 and 4—is the same as the law of 1829 (N. H. Laws of 1830, p. 91), or the law of 1791 (N. H. Laws of 1815, p. 101), with a single exception in relation to the penalty *(Adams* v. *Wiggin, supra),* and is as follows: " Section 3. When the goods or estate of any person are attached, a summons in the form prescribed shall be delivered to the defendant, or left at his abode," &c. " Section 4. Every such summons shall set forth the sum in the note or obligation declared upon, with the indorsements and dates thereof, the amount of the account, and in all cases shall briefly give to the defendant the same information which the declaration gives

more at large, and shall contain the substance thereof." The first section has reference to the form or the formal part of the writ or summons, while the second refers only to the other part, the declaration, and provides that the summons shall contain the substance thereof. The summons, to be in the form prescribed, must be correct, not only so far as the form is given, but the blanks in that form must all be properly filled so as to correspond with the writ in the formal part thereof. It would not be in the form prescribed if the names and residences of the parties were not properly inserted, or if made returnable to a wrong court, or at a wrong time, or if it was not witnessed by the proper magistrate, properly dated and signed by the clerk: all these are necessary to the form; and to all these particulars section 3 applies, while section 4 applies only to the declaration, the substantial part of the process as distinguished from the formal part.

In the form prescribed by statute, certain blanks are left to be filled, and the statute provides how they shall be filled. A summons, with these blanks unfilled, would be no legal summons, no summons in the form prescribed. To be in the form prescribed, the blanks must all be properly filled. When there is any defect in the form of the writ or summons,—that is, in the formal part,—which is prescribed, then section 3 applies; and the plea in abatement should allege, as in this case, that the summons is not in the form prescribed, or in due form of law. But if the summons does not contain the substance of the declaration, then section 4 applies; and the plea should state the particular defect, and allege that the summons does not contain the same information which the declaration gives more at large, nor contain the substance thereof. The statute does not require that the summons shall contain the substance of the writ, nor provide that a variance between the writ and the summons shall be fatal, as is often erroneously pleaded. The writ is a process addressed to an officer of the law, commanding him to do certain things; while the summons is a process directed to the defendant, giving him notice of some things, and commanding him to do other things. The summons does not and is not required to contain the substance of the writ, but only of the declaration. The summons always varies from the writ. The form prescribed for one is very different from the form prescribed for the other.

In *Nelson* v. *Swett*, 4 N. H., *supra*, the plea in abatement was, that the summons did not contain the substance of the plaintiff's writ; because by the writ the defendant was required to appear at court on the first Tuesday of October, 1826, and by the summons, on the first Tuesday of October, 1827. Held, that this defect was not that the summons did not contain the substance of the plaintiff's writ, or the substance of his declaration, but that the real defect was that the summons left was not in the form prescribed by law; or, in other words, that no summons in the form prescribed had been left with the defendant, which defect, as in this case, was fatal. But the plea was defective, and there was a demurrer to the plea; and the only trouble with the case is, that the demurrer was not sustained on account of that defect.

The ordinary rule in case of demurrers, that judgment must be given against the party who has committed the first fault in pleading, would account for the result reached in that case if the rule were applicable in this case, because the plaintiff was the first to err in his pleading. The summons is an original process in cases of this kind, prescribed by law; and when it is enrolled and has thus become a part of the record, any error in the summons is as much a fault in pleading on the part of the plaintiff as though he had committed the same error in his writ or declaration. But the general rule applicable in cases of demurrer, as before stated, is not applicable in this case, and was not in *Nelson* v. *Swett*, because demurrers to pleas in *abatement* constitute an exception to this general rule, and in such cases no objection can be taken to the form of the declaration. *Hastrop* v. *Hastings*, 1 Salk. 212; 1 Ch. Pl. 669; Story Pl. (2d ed.) 341. The reason stated is, that, while pleas in abatement do not deny the merits of the plaintiff's action, they still seek to delay the trial, and hence great accuracy is required in their construction—1 Ch. Pl. 457; and it has been held that even formal defects in such pleas would be fatal on general demurrer. *Pike* v. *Bagley*, 4 N. H. 76; *Clark* v. *Brown*, 6 N. H. 434; *Lyman* v. *Dodge*, 13 N. H. 198; *Parker* v. *McKean*, 34 N. H. 375.

Judged according to that standard, the plea in *Nelson* v. *Swett* and in *Adams* v. *Wiggin* would have been clearly bad, and the demurrer to the plea should have been sustained. To be sure, in the latter case the same result is reached in another way; but, without stopping to inquire whether the result in *Nelson* v. *Swett* can be accounted for on some other ground, it is enough here that we find the plea to be substantially in the words of the statute —just as it is decided that it should be in *Nelson* v. *Swett*.

In *Baker* v. *Brown*, 18 N. H. 551, there was a defect of just the same kind as in *Nelson* v. *Swett;* but the plea in abatement there was in proper form, viz., that the summons was not in due form of law, or in the form prescribed, in this, that, by the writ the defendant was called to answer at, &c., on the second Tuesday of February, 1847, and by the summons on the fourth Tuesday of the same February. This plea was demurred to, but was sustained, and the demurrer overruled. This was clearly right; and this case is precisely in point as an authority, and is entirely decisive of the case before us.

In *Adams* v. *Wiggin* the plea was wrong, as we have seen, alleging that the summons did not contain the substance of the plaintiff's writ, when it should have alleged that the summons was not in the form prescribed by law; but the same result was reached in another way, as though the demurrer had been sustained. The defendant was held to answer over.

In *Wendell* v. *Moulton*, 14 N. H. 573, the fault was that the summons did not contain the substance of the declaration; and the plea was in proper form. In *Goodall* v. *Durgin*, id. 576, there was the same fault in the summons, in not stating the substance of the declaration; and this defect was properly pleaded, so far as appears in the reported case,

but the plea was held bad on demurrer for not having enrolled the summons correctly. In *Dyke* v. *Percival, id.* 578, the allegation is not in proper form, it being that the summons did not contain the substance of the plaintiff's writ, while the real defect was that it did not contain the substance of the declaration ; but the plea was demurred to upon the ground of duplicity, and upon that ground the plea was sustained ; while in *Parker* v. *McKean,* 34 N. H. 375, the plea is wrong in form, just as in *Nelson* v. *Swett,* but upon demurrer the plea was held bad for other causes specially assigned.

In the case before us, we find the plea to be just what the statute provides for in a case of this kind. The summons left with the defendant was not in the form prescribed by law. The plea is not only substantially, but formally and technically, correct. The demurrer must be overruled, the plea sustained, and the plaintiff's

*Writ abates.*