JENKINS *v.* SHERBURNE. { Aug. 13, 1875.

*Change of courts—Service of writs—Practice.*

A writ was issued from the supreme judicial court, dated May 25, 1874, and near that time the defendant's property was attached. Said writ was made returnable to the supreme judicial court at the October term, 1874. By an act approved July 10, 1874, and which took effect August 18, 1874, the supreme judicial court was abolished, and its jurisdiction at trial terms conferred upon the circuit court. *Held*, that a summons issued from the circuit court and returnable at the October term of said court, dated Sept. 15, 1874, and tested in the name of the chief justice of the circuit court, and seasonably served upon the defendant, was in the form prescribed by law.

FROM MERRIMACK CIRCUIT COURT.

ASSUMPSIT. The defendant craved oyer of the plaintiff's writ and declaration, and of the officer's return upon the writ, and of the summons attached to said writ; and the same being enrolled, it appeared that the writ was dated May 25, 1874, and was returnable to the supreme judicial court, to be holden on the first Tuesday of October then next. It bore the teste of Jonathan Everett Sargent, then chief justice of said court. An officer returned that, on September 21, 1874, he summoned the defendant, "by leaving at his abode a summons in the form prescribed by law," &c. The summons was dated Sept. 15, 1874, and bore the teste of William L. Foster, who was, upon that date, chief justice of the circuit court, and commanded the defendant "to appear at the circuit court, to be holden at Concord, in said county of Merrimack, on the first Tuesday of October next."

Whereupon the defendant pleaded in abatement, "because the summons aforesaid, delivered to him by the officer who served said writ, when his, the defendant's, estate was attached on said writ, is not, and when so served was not, in the form prescribed by law in this, to wit,—that by said writ the defendant is required to answer to the plaintiff before the supreme judicial court, to be holden at Concord, in said county of Merrimack, on the first Tuesday of October then next, and in and by said summons the defendant is required to answer to said plaintiff before the circuit court, to be holden at Concord, in said county of Merrimack, on the first Tuesday of October then next; that said writ bears date May 25, 1874, and that said summons bears date Sept. 15, 1874; that said writ bears teste of Jonathan Everett Sargent, Esquire; that said summons bears the teste of William L. Foster, Esquire,"—concluding in the ordinary form of a plea in abatement. To this plea the plaintiff demurred, and assigned the following causes of demurrer: 1. That the said defendant's plea is informal, uncertain, and

inaccurate, and also repugnant, inasmuch as it is inconsistent with and contradicts itself. For it is alleged by the defendant in said plea, "that the summons aforesaid, delivered to him by the officer who served said writ, when his, the defendant's, estate was attached on said writ, is not, and when so served was not, in the form prescribed by law." But it appears from the enrollment of said writ and the two officers' returns thereon, and from the enrollment of said summons and the officers' endorsement thereon, that said summons was not *delivered to said defendant* at all, but that it was served upon said defendant "*by leaving at his abode;*" and that said summons was not served, in *any* way, *by the officer who served said writ,* nor *at the time when his, the defendant's, estate was attached on said writ,* but that said writ was served and said defendant's estate attached thereon by F. B. Berry, deputy sheriff, on the 18th day of May, 1874, while said summons was served by T. B. Tucker, on the 21st day of September, 1874.  2. There is no direct and certain allegation or averment in said plea that there was no legal and sufficient summons served upon the said defendant, or that the summons in said plea enrolled was the *same* or *only* one served ; while it appears from said plea that there *was* more than one summons served upon said defendant, and that according to the officer's return on said writ, as enrolled in said plea, one of them, at least, was in the form prescribed by law.  3. That said plea alleges that the summons served upon said defendant is not, and was not, in the form prescribed by law, because it bears different date from said writ.  But the statute nowhere prescribes or requires that it shall be of the same date of the writ, but that under said statute the summons may be good, though not dated at all.  4. That said plea further alleges that the summons served upon said defendant is not, and was not, in the form prescribed by law, because it does not bear teste of the same justice that said writ does, and, also, does not require said defendant to answer to said plaintiff before a court of the same name, that said writ requires him to appear before.  Yet it appears by the dates and services of said writ and summons, as in said plea enrolled, that said writ was issued and served before the 17th day of August, 1874, when the new judiciary law came into force, and consequently under the old law, while said enrolled summons was issued and served after said 17th day of August, 1874, and under the new law, by the existence and provisions of which the apparent discrepancy and variance between said writ and summons are explained and avoided.

And, also, that said plea is in other respects uncertain, informal, and insufficient.

The defendant moved the court to reject the demurrer. The court held that the demurrer was defective and insufficient, because it did not conclude with a prayer that the defendant should answer further; but the court also ruled that the plaintiff might amend his demurrer, by adding thereto a prayer that the defendant might answer further; that such amendment should be made without terms, and that therefore there should be judgment that the defendant answer over.  To these

rulings the defendant excepted, and the questions of law thus raised were transferred to this court by FOSTER, C. J.

*A. W. Bartlett,* for the plaintiff.

*A. Whittemore* and *Mugridge,* for the defendant.

CUSHING, C. J. In this case the writ was made before the change in the judiciary in 1874, and returnable at the October term of the same year, and served by an attachment of property, but no summons was at that time served upon the defendant. After the change in the judiciary, when the supreme judicial court had ceased to exist, and the circuit court had been created to take the place of the former court at trial terms, a summons was served upon the defendant, purporting to be issued from the circuit court, ordering the defendant to appear at that court at the October term, 1874, tested by the chief justice of that court, and bearing date after its creation.

The defendant, relying upon Gen. Stats., chap. 204, sec. 3, pleads in abatement that the summons was not in the form required by law, and specifies for particulars the above mentioned variations from the writ; and the question we have to determine is, whether this allegation is true.

By Gen. Stats., chap. 203, sec. 14, it is provided that the forms of certain writs and processes shall be, in *substance,* as given in that chapter, and among these forms is that for the summons when property is attached. This form has certain blanks which are to be, according to the case of *Keniston* v. *Chesley,* 52 N. H. 568, properly filled. The objection stated in the plea is, that the blank for the name of the court and the blank for the date of the summons were not properly filled; and the question is, whether there was any substantial defect.

By the statute which changed the judiciary, it was ordered that all writs and processes returnable at the trial terms of the then supreme judicial court should be returnable at the corresponding terms of the circuit court. As soon, then, as the new system went into operation, a writ which had previously been issued was no longer returnable to the supreme judicial court, but was then in substance a writ returnable to the circuit court. If, then, the blank in the summons had been filled with the name of the old court, it would have been substantially wrong, and would have varied from what the writ had then substantially become. The summons, then, was in substance in the form required by the statute, and is unobjectionable in this particular.

In *Rogers* v. *Farnum,* 25 N. H. 511, it was held clearly that the date was not of the substance of the summons. The very just remarks of the learned judge who delivered the opinion in that case, seem to me to apply with equal force in this case. The summons is substantially correct, because the matter in which it varies from the writ could in no possible manner mislead or embarrass the party. The teste of the writ is merely matter of form.

The provision for serving a summons on the defendant is found in the statute of February 9, 1791, and is in these words: "And when the goods or effects of any person shall be attached at the suit of another in any civil action, a summons in form of law, as is prescribed, shall be delivered to the party whose goods or estate are attached, or left at his or her dwelling-house, or last and usual place of abode, fifteen days before the day of the sitting of the court to which such writ of attachment is returnable."

The next clause of the statute, after enacting what the summons shall contain, has these words: "And the officer serving or leaving such summons shall also indorse his name before he leaves it on the back thereof, otherwise the writ shall abate." Substantially the same provision is found in the statute of January 2, 1829.

In the revision of 1840, ch. 183, sec. 3, is as follows: "When the goods or estate of any person shall be attached, a summons in the form prescribed by law shall be delivered to the defendant, or left at his usual place of abode, with the name and office of the officer serving the same endorsed by·him thereon." Gen. Stats., ch. 204, sec. 3, is the same. It is plain that by the statutes of 1791 and 1829 it was not required that the summons should be served at the time of the attachment. It was enough if it were served fifteen days* before the return day of the writ. Neither was it necessary that the summons should be served by the officer who made the attachment. Under the Revised Statutes and the General Statutes, I think the practice has been the same; and it has always, so far as my knowledge of the practice extends, been considered sufficient to complete the service of the writ by serving the summons the required time before the return day. The mode of reckoning time having been changed by the Revised Statutes so that the day of the act done could not be counted, the time was verbally altered to fourteen days, so as in fact to leave it the same. I think, also, that it has never been considered necessary that the summons should be served by the same officer who made the attachment.

If these views are correct, the plaintiff in this case was justified in withholding the service of the summons as he did. Meanwhile, the court, in whose name his writ had been issued, had ceased to exist, and its jurisdiction at trial terms had been conferred upon the circuit court. The issuing a summons in the name of the supreme court would have been entirely useless, and the only way which could be taken to give the desired information to the defendant was that which was taken; and although the teste is a matter of form, it would have been absurd to insert any other name than that of the chief justice of the existing court;—so that I cannot see why or how the summons in this case is open to the objections made to it.

It was a matter of course to permit the demurrer to be amended on

---

* "And it [the writ] is always made returnable at the distance of at least fifteen days from the date or *teste*, that the defendant may have time to come up to Westminster, even from the most remote parts of the kingdom; * * * ." III Bl. Com. 275.          REPORTER.

such reasonable terms as the court in its discretion might impose, or without any terms.

LADD, J. I know of no law which requires that the summons shall bear the same date as the writ. Indeed, it has been held not to be matter of abatement if it is not dated at all. *Rogers* v. *Farmer*, 25 N. H., 511. It need not be served upon the defendant until fourteen days or twenty-eight days before court, as the case may be ; and it is impossible to imagine what difference it can make whether it is dated the day it is served, or three weeks or three months earlier, when the writ was made. This summons was in the form prescribed by the law in force at the time of its date, and I think the demurrer must be sustained.

SMITH, J. The plea enrolls the writ which bears date May 25, 1874, upon which the defendant's property was attached on the same day by F. B. Berry, deputy sheriff. The plea also enrolls a summons dated Sept. 15, 1874, indorsed by T. B. Tucker, deputy sheriff, and served by him Sept. 21, 1874, as appears by his return on the writ. The plea alleges that " the summons aforesaid, delivered to him [the defendant] by the officer who served said writ, when his, the defendant's, estate was attached on said writ, is not, and when so served was not, in the form prescribed by law in this, to wit,—" &c. As the defendant has not enrolled the summons served by Berry, when his, the defendant's, estate was attached, viz., May 25, 1874, but the summons served by Tucker Sept. 21, 1874, it does not appear that the summons served when the defendant's estate was attached was not in the form prescribed by law.

The amendment was properly allowed.

*Demurrer sustained.*